**MEIYUN FU, Petitioner,**

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 06–4717–ag.

United States Court of Appeals, Second Circuit.

June 8, 2007.

Joshua Bardavid, Law Office of Jan Potemkin, New York, N.Y., for Petitioner.

Peter D. Keisler, Assistant Attorney General, Terri J. Scadron, Assistant Director, Wendy Benner–Leon, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Meiyun Fu, a citizen of the People's Republic of China, seeks review of a September 13, 2006 order of the BIA affirming the April 7, 2005 decision of Immigration Judge ("IJ") Douglas Schoppert denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Meiyun Fu*, No. A97 660 123 (B.I.A. Sept. 13, 2006), *aff'g* No. A97 660 123 (Immig. Ct. New York City, Apr. 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Particular deference is given to the trier of fact's assessment of demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005); *Zhou Yun Zhang,* 386 F.3d at 73–74. In addition, we generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to

[an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang*, 386 F.3d at 74 (internal quotation marks omitted). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

To form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole. *See Secaida–Rosales*, 331 F.3d at 308–09. At the same time, however, "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006) (internal citations omitted). Where an inconsistency is dramatic, the agency may rely on it without first soliciting an explanation from the applicant. *See Majidi*, 430 F.3d at 81. However, the agency may not rest an adverse credibility finding on a non-dramatic inconsistency without first giving the applicant a chance to reconcile the testimony. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir.2006). The agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so. *See, e.g., Majidi*, 430 F.3d at 80–81.

Where discrepancies arise from an applicant's statements in an airport interview we will closely examine the interview to ensure that it represents a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible.

*Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir.2004).

Here, the IJ's adverse credibility determination was supported by substantial evidence. The IJ applied the *Ramsameachire* factors to assess the reliability of Fu's statements in the airport and credible fear interviews, and properly relied on discrepancies between Fu's asylum application and credible fear interview and her hearing testimony to find her incredible. First, the IJ had detailed notes, including questions and answers, for both the airport interview and the credible fear interview, indicating that the record did not "merely summarize[ ]" Fu's statements. *See Ramsameachire*, 357 F.3d at 180. Second, while the IJ admitted that the airport interview did not focus on the details of Fu's persecution fears, the credible fear interview was more detailed in its questioning, indicating the latter interview was "designed to elicit the details of an asylum claim." *Id.* (internal quotation marks omitted). Third, that the prior interviews did not suggest that Fu was reluctant to be forthcoming because she had been detained and interrogated in China. *See id.* Fourth, there were no translation difficulties apparent from the record. *See id.* Beyond Fu's bare statements at the hearing that she was nervous or unable to understand, the record does not reflect communication difficulties at the airport interview, and the interview transcript includes a certification that it was read to Fu in Mandarin.

The IJ gave Fu several opportunities to explain the inconsistencies which he had identified, and no reasonable adjudicator would be compelled to overturn the IJ's acknowledgment and rejection of these explanations. *See Majidi*, 430 F.3d at 80–81. Nor would a reasonable adjudicator be compelled to disagree with the IJ's determination that considered cumulatively,

78

these discrepancies were consequential to the credibility determination. *See Tu Lin,* 446 F.3d at 402.

Because the only evidence of a threat to Fu's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Similarly, because Fu did not establish any factual basis for CAT relief independent of her asylum claim, the adverse credibility determination in this case necessarily precludes success on the claim for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005). Fu's due process claim was never raised before the BIA, and accordingly, we will not consider it. *See* 8 U.S.C. § 1252(d)(1); *Foster v. INS,* 376 F.3d 75, 77–78 (2d Cir.2004).

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).